UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TED BLACKMON, ET AL.                         CIVIL ACTION

VERSUS

BRACKEN CONSTRUCTION                         NO.: 18-00142-BAJ-RLB
COMPANY, INC., ET AL.

## RULING AND ORDER

Before the Court is a **Motion to Dismiss (Doc. 30)** filed by Defendant Anthony Ver Meer. Plaintiffs Ted Mario Blackmon and Ruthie Blackmon filed an opposition, (Doc. 39), and Ver Meer filed a reply. (Doc. 48). For the following reasons, the **Motion to Dismiss (Doc. 30)** is **DENIED**.

I. BACKGROUND

A head-on collision between a truck and a sedan on a two-lane highway claimed two lives. (Doc. 15, ¶21). This litigation arises from that collision and an insurer's efforts to settle the claims that resulted from it. (Doc. 15, ¶¶1-116).

The collision occurred on June 15, 2016 in Mobile County, Alabama. (Doc. 15, ¶14). That day, Jhon Jaramillo drove a Dodge Ram pickup truck between Louisiana and Alabama for his employers, C3 Construction Services, Inc. and Bracken Construction Company, Inc. (Doc. 15, ¶13). Around 3:55 P.M., Jaramillo's westbound Dodge Ram entered the eastbound lane and struck a Lexus sedan driven by Ted Mario Blackmon and carrying two passengers, Shemika Robinson and Khance

1

Blackmon. (Doc. 15, ¶19). The collision killed Khance Blackmon and Robinson; it injured Ted Blackmon. (Doc. 15, ¶19).

After the collision, claims adjuster Anthony Ver Meer contacted Plaintiffs Ted and Ruthie Blackmon to spark settlement negotiations. (Doc. 15, ¶34). Plaintiffs are Louisiana residents. (Doc. 15, ¶4). Ver Meer is an Alabama resident who held himself out as a "specialized liability claims professional who handles severity level claims across the southeast," including Louisiana. (Doc. 15, ¶3). Plaintiff Ruthie Blackmon is Plaintiff Ted Blackmon's mother and the administrator of Khance Blackmon's estate. (Doc. 15, ¶30). Ver Meer sent at least three settlement-related letters to Plaintiffs at a Louisiana address, (Doc. 30-2, ¶37), and called Plaintiffs' Louisiana cell-phone numbers to discuss settlement. (Doc. 30-2, ¶36).

Plaintiffs allege that Ver Meer told them that a single $1 million insurance policy covered the collision, even though Ver Meer knew that the collision actually triggered three policies and $11 million in coverage. (Doc. 15, ¶¶35-36). Plaintiffs further allege that, based on Ver Meer's misrepresentations about insurance coverage, they settled their claims. (Doc. 15, ¶57). Hoping to undo the settlement, Plaintiffs sued all involved: Jaramillo, Ver Meer, Bracken Construction Company, Inc., C3 Construction Services, Inc., Charter Oak Fire Insurance Company, Travelers Property Casualty Company of America, and Travelers Excess and Surplus Lines Company. (Doc. 15, ¶1). Ver Meer now moves the Court to dismiss Plaintiffs' claims for lack of personal jurisdiction. (Doc. 30).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits the Court to dismiss a complaint that asserts claims against a defendant over whom the Court lacks personal jurisdiction. Plaintiffs seek to invoke the power of the Court and thus must show that jurisdiction exists. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). Because Ver Meer disputes the basis for jurisdiction, the Court "may receive interrogatories, depositions, or 'any combination of the recognized methods of discovery' to help it resolve the jurisdictional issue." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). The Court should not act as a fact finder—it must instead construe all disputed facts in Plaintiffs' favor. *Walk Haydel & Assocs., Inc.*, 517 F.3d at 241.

## III. DISCUSSION

The Court has personal jurisdiction over Ver Meer if Louisiana's long-arm statute confers personal jurisdiction over him, and the Court's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 488 (5th Cir. 2018). Because Louisiana's long-arm statute extends jurisdiction to the limits of due process, the Court need only

3

determine whether its exercise of jurisdiction satisfies due process. LA. REV. STAT. § 13:3201(B).

To satisfy due process, Ver Meer must have "minimum contacts" with Louisiana, and the Court's exercise of jurisdiction "must not infringe on 'traditional notions of fair play and substantial justice.'" *Trois*, 882 F.3d at 488-89 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). With regard to minimum contacts, the United States Supreme Court has "distinguished between specific or case-linked jurisdiction and general or all-purpose jurisdiction." *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017). Only specific jurisdiction is at issue here.[1]

### A. Minimum Contacts

The specific jurisdiction form of minimum contacts "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (citation omitted). That relationship "must arise out of contacts that the 'defendant himself' creates with the forum State." *Id.* at 284 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). A single contact suffices if a plaintiff's claim arises from that contact. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003).

In a series of opinions, the United States Court of Appeals for the Fifth Circuit has ruled that a court may exercise specific jurisdiction over a nonresident defendant

---

[1] Ver Meer invokes the "fiduciary shield" doctrine as a reason why the Court lacks personal jurisdiction over him. (Doc. 30-1, pp.10-12). That doctrine does not apply. Plaintiffs do not base their personal-jurisdiction arguments on Travelers' ties to Louisiana; they instead base their arguments on fraudulent misrepresentations they allege Ver Meer made in communications Ver Meer directed into Louisiana. *See Southeast Wireless Network, Inc. v. U.S. Telemetry Corp.*, 2006-1736, p. 11 (La. 4/11/07); 954 So. 2d 120, 128 (fiduciary shield doctrine does not apply when defendant is alleged to have committed a tort that would make him personally liable under Louisiana law).

4

based on a single communication the defendant directs into the forum, provided the "actual content" of that communication gives rise to an intentional tort. *See Trois*, 882 F.3d at 491; *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999). In *Wien*, for example, the Fifth Circuit ruled that a Texas federal district court had personal jurisdiction over fraud claims asserted against a German attorney because the fraud claims arose from "letters, faxes, and phone calls to Texas." 195 F.3d at 213. Similarly, in *Lewis*, the Fifth Circuit ruled that a district court had personal jurisdiction over a fraud claim asserted against a nonresident defendant because the claim arose from defendant's participation in a phone conference with a forum-resident plaintiff and from documents defendant sent to the forum. *Lewis*, 252 F.3d at 358. And less than a year ago, in *Trois*, the Fifth Circuit affirmed a district court's exercise of personal jurisdiction over a fraud claim asserted against a nonresident defendant based on representations the defendant made during a single conference call to the forum. *Trois*, 882 F.3d at 491.

Overlooking these opinions, Ver Meer urges the Court to find that it lacks personal jurisdiction because Ver Meer is an Alabama resident who never physically entered Louisiana to negotiate with Plaintiffs. (Doc. 30-1, p.2). And Ver Meer asserts that he sent most of the settlement-related letters to Arkansas—not Louisiana. (Doc. 30-1, pp.3-4). Plaintiffs rejoin that the Court has specific jurisdiction over Ver Meer because the fraud claims they assert against him arise from the "actual content" of communications Ver Meer directed into Louisiana. (Doc. 39, p.5). The Court agrees.

5

In the letters, Ver Meer confirms phone conversations during which he conveyed, on Travelers' behalf, offers to settle Plaintiffs' claims arising from the collision. (Doc. 30-2, pp.35-41). The "actual content" of those letters forms the basis of Plaintiffs' fraud claims against Ver Meer. (Doc. 30-2, pp.35-41). It is immaterial that Plaintiffs have not alleged that the letters Ver Meer sent to Louisiana contain affirmative misrepresentations about insurance; fraud-by-silence is cognizable under Louisiana law. *See* LA. CIV. CODE art. 1953. And Plaintiffs have alleged that Ver Meer's silence about available coverage fraudulently induced them to settle claims arising from the collision. (Doc. 15, ¶¶53-54). Because the "actual content" of the three letters Ver Meer sent to the Blackmons' Louisiana address could give rise to the fraud-by-silence claim Plaintiffs have pleaded against Ver Meer, Ver Meer has minimum contacts with Louisiana. *See Wien Air Alaska, Inc.*, 195 F.3d at 213.

**B.  Fairness**

Plaintiffs have established that Ver Meer has minimum contacts with Louisiana, so the burden shifts to Ver Meer to show that asserting jurisdiction over him would offend "traditional notions of fair play and substantial justice." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). He must make a "compelling case" against jurisdiction to prevail. *Wien Air Alaska, Inc.*, 195 F.3d at 215. To determine whether Ver Meer has made a "compelling case" that exercising jurisdiction over him would be unfair, the Court balances five interests: (1) the burden on Ver Meer of having to litigate in Louisiana; (2) Louisiana's interests in the lawsuit; (3) Plaintiffs' interest in convenient and effective relief; (4) the judicial

system's interest in efficiently resolving this dispute; and (5) Louisiana's interest in furthering social policies. *Wien Air Alaska, Inc.*, 195 F.3d at 215.

Ver Meer points to the first interest and asserts that requiring him to defend suit in Louisiana would be "substantial[ly]" burdensome. (Doc. 30-1, p.17). The Court disagrees. The burden of travelling from Alabama to Louisiana to defend suit on claims linked to fraudulent communications directed into Louisiana is not "so substantial as to achieve *constitutional* magnitude." *Burger King Corp.*, 471 U.S. at 484.

The second, fourth, and fifth interests also support jurisdiction. Louisiana has an interest in regulating fraudulent communications directed into Louisiana by insurance adjusters licensed in Louisiana. *See* LA. CIV. CODE art. 3542 (articulating Louisiana's deterrent interest in tort cases). And the third interest—Plaintiffs' interest in convenient and effective relief—is best served by exercising jurisdiction over Ver Meer. This is a multi-state dispute: Plaintiffs assert different torts, committed in different places, against seven Defendants domiciled in different states. (Doc. 15, ¶¶1-116). Resolving this multi-state action in one forum furthers judicial economy and serves Plaintiffs' interest in obtaining relief conveniently and effectively.

Ver Meer has not made a "compelling case" against jurisdiction, and the Court concludes that exercising jurisdiction over him would not offend "traditional notions of fair play and substantial justice." *Wien Air Alaska, Inc.*, 195 F.3d at 215.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 30)** is **DENIED**.

Baton Rouge, Louisiana, this 27th day of August, 2018.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**