UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TED BLACKMON ET AL.                                CIVIL ACTION

VERSUS

BRACKEN CONSTRUCTION                               NO.: 18-142-BAJ-RLB
COMPANY ET AL.

## RULING AND ORDER

Before the Court are four motions: the **Motion to Bifurcate Trial and Discovery (Doc. 76)** filed by Defendants Anthony Ver Meer, The Charter Oak Fire Insurance Company, Travelers Property Casualty Company of America, and Travelers Excess and Surplus Lines Company (collectively, the "Insurer Defendants"); the **Motion to Bifurcate and Stay Discovery (Doc. 77)** filed by Defendants C3 Construction Services, Inc., Bracken Construction Company, Inc., and Jhon Evelio Jaramillo (collectively, the "Insured Defendants"); the **Motion to Enforce Settlements (Doc. 88)** filed by the Insurer Defendants; and the **Motion to Lift Stay (Doc. 104)** filed by Plaintiffs Ted and Ruthie Blackmon. Also before the Court is Plaintiffs' **Notice of Voluntary Partial Dismissal (Doc. 86)** of their rescission and negligence claims.

For the reasons that follow, the **Motions to Bifurcate (Docs. 76, 77)** are **GRANTED**, the **Motion to Enforce Settlements (Doc. 88)** is **GRANTED IN**

1

**PART** and **DENIED IN PART**, and the **Motion to Lift Stay (Doc. 104)** is **GRANTED IN PART** and **DENIED IN PART**.

I.  BACKGROUND

This dispute arises from a car accident and an insurer's efforts to settle the claims that resulted from it. (Doc. 79).

On the day of the accident, Jhon Jaramillo was driving a truck for his employers, C3 Construction Services and Bracken Construction Company. (*Id.*). Jaramillo's westbound truck entered the eastbound lane and struck a sedan driven by Ted Blackmon and carrying two passengers, Shemika Robinson and Khance Blackmon. (*Id.*). The accident killed Khance Blackmon and Robinson; it injured Ted Blackmon. (*Id.*). Claims adjuster Anthony Ver Meer negotiated settlements with Plaintiffs for claims arising from the accident. (*Id.*).

Plaintiffs sued **(1)** the Insurer Defendants to rescind the settlements and to recover damages for fraud, and **(2)** the Insured Defendants for negligently causing the accident. (*Id.*). Plaintiffs allege that the Insurer Defendants fraudulently induced them to settle their claims arising from the accident by misrepresenting the amount of available insurance coverage. (*Id.*).

Chiefly at issue is how this litigation should proceed—on one track or two. Plaintiffs seek single-track trial and discovery; Defendants seek two-track trial and discovery: they hope to litigate the rescission and fraud claims before the accident-related negligence claims. (Docs. 76, 77, 104). To persuade the Court that single-track

2

trial and discovery is appropriate, Plaintiffs noticed the voluntary dismissal of their negligence and rescission claims. (Doc. 86). Because the effect of that notice is relevant to the Court's bifurcation analysis, the Court addresses the notice first.

## II. Effect of Notice of Voluntary Dismissal

Plaintiffs noticed the voluntary dismissal of their negligence and rescission claims under Federal Rule of Civil Procedure 41(a). (Doc. 86). Defendants argue that the dismissal is ineffective because Rule 41(a) allows dismissal of "an action," and Plaintiffs' notice purports to dismiss less than "an action." (Doc. 96). The Court agrees.

A plaintiff may "dismiss *an action* without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i) (emphasis added). An "action" is a "civil or criminal judicial proceeding." *Black's Law Dictionary* 32 (9th ed. 2009).

Plaintiffs' notice purports to dismiss four of twelve claims—not this "proceeding." (Doc. 86). Because Plaintiffs' notice purports to dismiss less than this "proceeding," it does not seek dismissal of "an action." *See* FED. R. CIV. P. 41(a)(1)(A)(i). And because it does not seek dismissal of this "action," it is ineffective under Rule 41(a). *See Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action[.]").[1]

---

[1] Plaintiffs urge the Court to ignore this language, contending it is dicta. The Court disagrees and finds that the language reflects an "alternative holding" it must follow. *See Christiana Trust v.*

3

It is by Rule 15 amendment—not Rule 41(a) voluntary dismissal—that Plaintiffs may drop particular claims. Accordingly, Plaintiffs' **Notice of Voluntary Partial Dismissal (Doc. 86)** is **WITHOUT EFFECT** and Plaintiffs' negligence and rescission claims remain a part of this suit.

III. Motions to Bifurcate and Stay

Defendants move the Court to bifurcate trial and discovery of Plaintiffs' claims for rescission and fraud from Plaintiffs' claims for negligence. (Docs. 76, 77). Defendants argue that bifurcation is the most efficient and least prejudicial way to proceed. (Docs. 76-2, 77-2). Plaintiffs disagree. (Doc. 83).

The Court may order a separate trial of separate issues to avoid prejudice or to expedite and economize. *See* FED. R. CIV. P. 42(b). Whether to try distinct issues separately is a "case-specific procedural matter within the sole discretion of the district court." *Nester v. Textron*, 888 F.3d 151, 162 (5th Cir. 2018).

Exercising that discretion, the Court finds bifurcation appropriate. Prejudice cuts both ways. But judicial economy favors bifurcation: a finding in favor of the Insurer Defendants on the fraud and rescission claims will eliminate the need for trial and discovery on the accident-related claims. That is not to say that settlements cover Plaintiffs' fraud claims—they do not. But as Defendants observe, the evidence

---

*Riddle*, 911 F.3d 799, 804 n.7 (5th Cir. 2018) ("This circuit follows the rule that alternative holdings are binding precedent and not obiter dictum.") (internal citation and quotation marks omitted).

4

that is required to support Plaintiffs' fraud claims is the same evidence that is required to rescind the settlements.

The Court finds that bifurcation will economize this litigation and therefore **GRANTS** the **Motions to Bifurcate (Docs. 76, 77)** trial and discovery of Plaintiffs' fraud and rescission claims from trial and discovery of Plaintiffs' accident-related negligence claims.

IV. **Motion to Lift Stay**

Plaintiffs move the Court to lift the stay of discovery to allow the parties to proceed with discovery on all issues. (Doc. 104). For the same reasons the Court orders bifurcation, the Court **GRANTS** the **Motion (Doc. 104)** as to discovery on Plaintiffs' fraud and rescission claims but **DENIES** the **Motion (Doc. 104)** as to discovery on Plaintiffs' accident-related negligence claims.

V. **Motion to Enforce Settlements**

The Insurer Defendants move the Court to enforce the settlements between Plaintiffs and Defendants. (Doc. 88). This motion and the motions to bifurcate request essentially the same relief: entry of a scheduling order setting (1) deadlines for discovery on Plaintiffs' fraud and rescission claims and (2) a date for trial of those claims. (*Id.*). For the same reasons the Court orders bifurcation, the Court **GRANTS** the **Motion (Doc. 88)** as to the Insurer Defendants' request for bifurcated trial and discovery on Plaintiffs' fraud and rescission claims but **DENIES** the **Motion (Doc. 88)** insofar as it seeks a pre-discovery ruling on the enforceability of the settlements.

5

## VI. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motions to Bifurcate Trial and Discovery (Doc. 76, 77)** are **GRANTED.** The United States Magistrate Judge shall conduct a scheduling conference and thereafter enter a scheduling order establishing deadlines for discovery on Plaintiffs' fraud and rescission claims and setting a date for trial of those claims.

**IT IS FURTHER ORDERED** that Plaintiffs' **Notice of Voluntary Partial Dismissal (Doc. 86)** is **WITHOUT EFFECT.** Plaintiffs' negligence and rescission claims remain a part of this case. The Clerk of Court shall terminate the motion pending at docket entry 86.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion to Lift Stay (Doc. 104)** is **GRANTED IN PART** and **DENIED IN PART.** Upon completion of the scheduling conference with the United States Magistrate Judge, the stay shall be **LIFTED** as to discovery on Plaintiffs' fraud and rescission claims. Discovery on Plaintiffs' negligence claims arising from the accident shall remain **STAYED.**

**IT IS FURTHER ORDERED** that the Insurer Defendants' **Motion to Enforce Settlements (Doc. 88)** is **GRANTED**, in part, as follows: the United States Magistrate Judge shall conduct a scheduling conference and thereafter enter a scheduling order establishing deadlines for discovery on Plaintiffs' fraud and rescission claims and setting a date for trial of those claims. The **Motion (Doc. 88)** is otherwise **DENIED**.

Baton Rouge, Louisiana, this 8th day of April, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**