UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| TED BLACKMON ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | |
| BRACKEN CONSTRUCTION COMPANY ET AL. | NO.: 18-142-BAJ-RLB |

## RULING AND ORDER

Before the Court are Plaintiffs' Federal Rule of Civil Procedure 12(b)(6) **Motions to Dismiss (Docs. 186, 187, 188, 189, 190)** the counterclaims for defense and indemnity asserted by Defendants Jhon Jaramillo, Bracken Construction Company, C3 Construction Services, Inc., Anthony Ver Meer, The Charter Oak Fire Insurance Company, Travelers Property Casualty Company of America, and Travelers Excess and Surplus Lines Company.

The Court related the facts of this case in prior rulings and will not relate them again here. (Docs. 68, 69, 139, 159). At issue, again, is the scope of Plaintiffs' defense and indemnity obligations under a pair of releases they contend Defendants fraudulently induced them to sign. The Court first addressed the issue in ruling on Plaintiff's motion for partial summary judgment, holding that the language of the releases did not require Plaintiffs to defend or indemnify Defendants against Plaintiffs' fraud and bad-faith claims. (Doc. 159). Considering the bifurcation of this litigation, however, the Court deferred ruling on the defense-and-indemnity issue as to all other claims. (*Id.*).

1

Following the Court's ruling on the scope of Plaintiffs' defense and indemnity obligations, Defendants sought and obtained leave to amend their answers to assert modified counterclaims for defense and indemnity. (Docs. 180, 181, 182, 183, 184). The modified counterclaims assert that Plaintiffs owe Defendants the costs Defendants have incurred defending against all claims other than those for fraud and bad faith—that is, "claims based on negligent operation of an automobile, equitable estoppel, unjust enrichment, detrimental reliance, promissory estoppel, failure of cause or consideration, and rescission due to error or mistake of fact." (Docs. 180 at ¶ 27; 181 at ¶ 31; 182 at ¶ 30; 183 at ¶ 10; 184 at ¶ 28).

Plaintiffs move to dismiss the counterclaims for failure to state a claim. (Docs. 186, 187, 188, 189, 190). Plaintiffs contend the counterclaims fail to state plausible claims because Plaintiffs need not defend or indemnify Defendants against any of the cited claims. (*Id.*). Defendants oppose. (Docs. 191, 192).

This is a bifurcated case. Trial and discovery of Plaintiffs' fraud and rescission claims (Phase I) will precede trial and discovery of Plaintiffs' accident-related negligence claims (Phase II). Plaintiffs' motions raise issues best addressed following Phase I; that is why the Court deferred ruling on them. (Doc. 159). The Court is unpersuaded that it should revisit that deferral at this early stage of Phase I.

Accordingly,

**IT IS ORDERED** that the **Motions to Dismiss (Docs. 186, 187, 188, 189, 190)** are **DENIED** without prejudice.

Baton Rouge, Louisiana, this 29th day of August, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**