UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TED MARIO BLACKMON, ET AL. | CIVIL ACTION |
| VERSUS | |
| BRACKEN CONSTRUCTION CO., INC., ET AL. | NO. 18-00142-BAJ-SDJ |

### ORDER

Before the Court is **Charter Oak, Travelers Property, and Travelers Excess's Motion for Appeal/Review and Objections to Magistrate Judge's November 16, 2020 Order**. **(Doc. 295)**. Defendants seek an order from this Court reversing in part the United States Magistrate Judge's Order on Plaintiff's Motion to Compel (Doc. 287). Specifically, Defendants request that the Court set aside those portions of the Magistrate Judge's Order which require the Insurer Defendants to produce any communications or documents that they contend are subject to the attorney-client or work product privileges, including those documents "reflecting the Insurer Defendants' evaluation of the value of the claims regarding Ted Blackmon, Khance Blackmon, or Shemika Robinson." (Doc. 295-1, p. 2). The Motion is opposed. (Doc. 298). A reply to the Opposition was filed by the Defendants. (Doc. 304).

For the foregoing reasons, the Motion is **DENIED**.

### I. BACKGROUND

On May 13, 2019, Plaintiffs sent Requests for Admission, Interrogatories, and Requests for Production to the Insurer Defendants, including Anthony Ver Meer Charter Oak Fire Insurance Company, Travelers Property Casualty Company of

1

America, and Travelers Excess and Surplus Lines Company. (Doc. 287, at p. 4). In response, the Insurer Defendants objected to most of Plaintiffs' written discovery. (*Id.*). When the parties were unable to resolve the matter, Plaintiffs filed a Motion to Compel (Doc. 213).

On November 16, 2020, the Magistrate Judge found that the Insurer Defendants had waived their attorney-client privilege and work product protections as to certain topics because the Insurer Defendants disclosed facts pertaining to the underlying claims in response to Plaintiff's interrogatories, and because they failed to describe the documents in their privilege log with sufficient particularity. (Doc. 287, p. 20–26). Defendants now seek to overturn these portions of the Magistrate Judge's Order. (Doc. 295).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 72 confers upon magistrate judges the responsibility to make determinations or recommendations for pretrial matters. Magistrate judges can hear, decide, and issue orders for pretrial matters that are not dispositive of a party's claim. FED. R. CIV. P. 72(a); *see Fisher v. Waste Mgmt. of La., LLC*, No. 17-CV-00246-BAJ-RLB, 2019 WL 2713053, at *1 (M.D. La. June 28, 2019). Rule 72(a) permits a district judge to review decisions on nondispositive motions by the magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a).

Under this standard, the magistrate judge's findings "should not be rejected merely because the court would have decided the matter differently." *Ordemann v. Unidentified Party*, No. CIV. A. 06-4796, 2008 WL 695253, at *1 (E.D. La.

Mar. 12, 2008) (quoting *Rubin v. Valicenti Advisory Svcs., Inc.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007)). Rather, the clearly erroneous standard requires that the district court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Id.* (citing *Moody v. Callon Petroleum Operating Co.*, 37 F. Supp. 2d 805, 807 (E.D. La. 1999)); *see also Vatter v. Navistar Int'l Corp.*, 150 F. Supp. 3d 703, 706 (M.D. La. 2015) (citing *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007)). Similarly, a magistrate judge's order is "contrary to law" only if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Ordemann*, No. CIV. A. 06-4796, 2008 WL 695253 at *1 (citing, *e.g.*, *DeFazio v. Wallis*, 459 F. Supp. 2d 159 (E.D.N.Y. 2006)).

### III. ANALYSIS

#### A. Attorney-Client and Work Product Privileges

Defendants object to the Magistrate Judge's findings regarding attorney client and work product privileges related to certain documents. (Doc. 295-1, p. 2). The Magistrate Judge found that both the attorney-client and work product privileges were inapplicable to certain claim file materials. (Doc. 287, p. 37). In the alternative, the Magistrate Judge found that, "[e]ven if the Court assumed that both the attorney-client privilege and work product applied, . . . Defendants have waived any privilege for those underlying materials." (Doc. 287, p. 37). Specifically, the Magistrate Judge found that Defendants had placed certain "claim file materials that are related to the Blackmons and fall within the scope of discovery . . . at issue by relying on them to defend against Plaintiffs' allegations." (Doc. 287, p. 39).

3

Defendants argue that "the Magistrate Judge's opinion disregards the tripartite relationship of confidence between an insurer, an insured, and an attorney hired by the insurer to represent the insured against a third-party claim." (Doc. 295-1, p. 7). Defendants further argue that "the Magistrate erred in finding privileges inapplicable solely because Ted Blackmon did not immediately retain counsel." (Doc. 295-1, p. 8). Defendants have not cited any contrary authority or rule of procedure that clearly demonstrates that the Magistrate Judge erred in finding that attorney-client and work product privileges do not apply under the circumstances of this case.

Defendants also disagree with the Magistrate Judge's finding that, even if the privileges were to apply, they were waived. Defendants argue that they did not place any communications at issue "merely by detailing each of the insurance adjusters' conversations with the Blackmons or their attorneys in response to Interrogatory No. 9 and in the declarations of Ver Meer and Matt Willson." (Doc. 287 p. 11). The Defendants also assert that they did not place any valuations at issue in response to the same interrogatory. (*Id.* at p. 17). The Insurer Defendants' response to Interrogatory No. 9 detailed the steps Defendants took to handle and settle the Blackmons' claims and certain conversations the adjusters had with Ted or Ruthie Blackmon. (Doc. 287, p. 23–24). Because Defendants relied on those materials to defend against Plaintiffs' allegations, the Magistrate Judge found that Defendants waived their privilege. (Doc. 287, p. 39). Defendants assert that "the Magistrate's reliance" on the aforementioned conversations "is misplaced." (Doc. 295-1, p. 17).

4

In support, Defendants provide additional persuasive authority, but fail to cite to any clear error made by the Magistrate. *See* (Doc. 295-1, p. 7–8). Because the Court is not left with a "definite and firm conviction that a mistake has been committed," and because the Magistrate Judge did not misapply relevant statutes, case law, or rules of procedure, the Court affirms the Magistrate Judge's Order. *See Ordemann v. Unidentified Party*, No. CIV. A. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008); *see also Vatter v. Navistar Int'l Corp.*, 150 F. Supp. 3d 703, 706 (M.D. La. 2015).

### B. Privilege Logs

Defendants next argue that that their privilege logs "substantially" complied with Rule 26(b)(5) and Local Rule 26(b), and that the Magistrate Judge erred in finding that the Insurer Defendants waived certain privileges by submitting an inadequate privilege log. (Doc. 295-1, p. 25). Defendants appear to argue that they tried their best to create a privilege log in the face of burdensome discovery requests, and therefore the Court should overrule the Magistrate Judge's finding that the log was inadequate. (Doc. 295-1, p. 28). Defendants further contend that, even if the privilege log is found to be inadequate, "waiver is not an appropriate remedy." (Doc. 295-1, p. 32). While Defendants maintain that "[e]xamples abound where the Middle District and other Louisiana federal courts have declined to impose such a harsh remedy," (Doc. 295-1, p. 35), they fail to cite to any case law to show that the Magistrate Judge lacks the authority to impose such a remedy.

In the alternative, Defendants request an additional opportunity to submit a supplemental privilege log with respect to the documents at issue, or an opportunity

for *in camera* review. (Doc. 295-1, p. 36–37). Both requests were previously denied by the Magistrate Judge. (Doc. 287, p. 37) (finding that "any further opportunity to establish either privilege will be futile [a]s . . . both [privileges] have been waived. In other words, the documents would still be subject to production, despite any privilege that once applied.")

Having carefully considered the underlying Complaint, the Magistrate Judge's Order, the Objection at issue, and related filings, the Court finds that the Magistrate Judge's Order is not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Because Accordingly, Defendants' Objection to the Magistrate Judge's Order will be overruled. (Doc. 295).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion (Doc. 295) is **DENIED**. Defendants shall comply with the Magistrate Judge's November 16, 2020 Order. (Doc. 287).

Baton Rouge, Louisiana, this 26th day of August, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**